IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>vs.<br><br>DEAN RAMIREZ, et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER<br><br><br><br>Case No. 1:03 CR 62 TC |

This matter is before the court on Defendant Dean Ramirez's "Motion for Relief Pursuant to Fed. R. Civ. Proc Rule 60 (b) (6)." After receiving Mr. Ramirez's motion, the court corresponded with Mr. Ramirez, who is proceeding pro se, and inquired whether Mr. Ramirez desired the court to treat the motion as one brought under 28 U.S.C.A. § 2255. Mr. Ramirez indicated that he did not wish the motion to be treated in that manner.

In his motion, Mr. Ramirez identifies Rule 60(b) of the Federal Rules of Civil Procedure as the rule enabling this court to grant his requested relief. But that rule is inapplicable to criminal cases and, as a procedural manner, does not provide Mr. Ramirez an avenue to pursue the relief he now requests. As stated in <u>United States v. Triplett</u>, 166 Fed. Appx. 362, 365-66 (10th Cir. 2006):

> Rule 60(b) has no applicability to a criminal proceeding. While a court always has jurisdiction to determine whether it has jurisdiction, Rule 60(b) is not an independent source of jurisdiction in a criminal case. The rule certainly [is] insufficient to confer jurisdiction on the district court when the existence of a prior pending appeal had transferred jurisdiction months before to our court. More specifically, and in any event, that rule did not confer jurisdiction at all,

either as a threshold matter or as a vehicle for relief.

As a result, the court has no jurisdiction to address the merits of Mr. Ramirez's arguments and DENIES his "Motion for Relief Pursuant to Fed. R. Civ. Proc 60 (b) (6)."

SO ORDERED this 31st day of May, 2006.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
United States District Judge