IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> DEAN RAMIREZ, <br><br> Defendant. | ORDER AND MEMORANDUM DECISION DENYING MOTION FOR RETURN OF PROPERTY <br><br> Case No. 1:03-CR-00062-TC <br><br> Judge Tena Campbell |

Defendant Dean Ramirez was found guilty by jury trial of one count of Conspiracy to Distribute Controlled Substances under 21 U.S.C. § 846 and one count of Possession of a Firearm by a Restricted Person under 18 U.S.C. § 922(g), as well as two counts in another matter. He was sentenced to 360 months in prison (a sentence that was later reduced to 324 months under Sentencing Guidelines Amendment 782 and 18 U.S.C. § 3582(c)) and is currently incarcerated at La Tuna Federal Correctional Institution.

Mr. Ramirez filed a pro se motion for return of property (ECF No. 819) on August 12, 2013. Consideration of this motion was delayed due to the government's continued need for one of the listed property items, a business card relating to a fugitive codefendant, Genaro Galaz-Felix, which contained phone numbers that the government sought to use as evidence of a conspiracy (see Government's Response 20-21, ECF No. 821). In 2022, the United States dismissed the remaining charges against Mr. Galaz-Felix (ECF Nos. 870-72). At

1

the court's request, the United States provided an update on the location of the property items at issue in Mr. Ramirez's motion (Notice of Compliance, ECF No. 883). The two items seized from 3266 Pingree (a birth certificate for Mr. Ramirez's son, Santos Ramirez, and the business card relating to Mr. Galaz-Felix's case) have either been destroyed by the FBI (see FBI Form FD-1057, Dkt. No. 883-1) or lost. The court is satisfied that the U.S. Attorney's Office has made a diligent search of the items (see Notice of Compliance ¶ 6, Dkt. No. 883). Motions for return of property under Rule 41(g) of the Federal Rules of Criminal Procedure may be denied if the government can show that it no longer has the property because it has been returned, lost, or destroyed. See Frith v. United States, 268 F.R.D. 177, 181 n.7 (S.D.N.Y. 2010).

Mr. Ramirez also seeks the returned of a Mexican driver's license for an unnamed individual but does not specify whether this license was part of a trial exhibit or to whom it belongs. To succeed on his motion, Mr. Ramirez "must allege a colorable ownership, possessory or security interest" in the property, United States v. Rodriguez-Aguirre, 264 F.3d 1195, 1204 (10th Cir. 2001) (citation omitted). Mr. Ramirez fails to meet that standard.

Finally, Mr. Ramirez seeks the return of $70,000 in cash that was seized from the house at 3266 Pingree. This money was the subject of a valid forfeiture stipulation filed on June 14, 2004 (ECF No. 382)[1] and included in the court's judgment (Judgment 6, ECF No. 559). Accordingly, the court denies the return of this cash.

## ORDER

For the reasons set forth above, the court DENIES the Defendant's Motion for Return of Property (ECF No. 819).

---

[1] In his reply (ECF No. 824), Mr. Ramirez alleges that the stipulation "seems to be missing." Mr. Ramirez may have been unable to access this part of the docket, but the court has confirmed the existence and validity of the stipulation.

SO ORDERED this 14th day of April, 2023.

BY THE COURT:

*Tena Campbell*
TENA CAMPBELL
U.S. District Court Judge